# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 550 | **DATE** | 11/14/2002 |
| **CASE TITLE** | Ted Moulos et al vs. Lucent Technologies, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The motion to dismiss [9-1] is denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 1 5 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 15 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| TSA courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TED MOULOS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 02 C 550 |
| v. | ) | |
| | ) | Wayne R. Andersen |
| LUCENT TECHNOLOGIES, INC. | ) | District Judge |
| | ) | |
| Defendant. | ) | |

DOCKETED
NOV 1 5 2002

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of the defendant, Lucent Technologies, Inc., to dismiss the plaintiffs' complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss is denied.

## BACKGROUND

The breach of contract allegations of the thirty-seven plaintiffs arise out of the formation of Lucent Public Safety Systems ("LPSS"), an unincorporated division of Lucent Technologies, Inc. ("Lucent"). Lucent formed LPSS in October, 1997 to commercialize emergency service technologies, including network database software which allows automatic identification of 911 callers and provides call routing to the nearest public safety unit. Presumably to attract employee participation in LPSS, Lucent created a program known as the Phantom Stock Plan (the "Plan"), which gave participating employees phantom stock as non-salary compensation. The plaintiffs participated in the Plan and held shares of phantom stock.



The Plan was not designed to be a permanent incentive program. It was designed to terminate on September 30, 2000, unless it was ended earlier due to a change in business structure. (Complt., Ex. A, § V). Approximately nine months prior to its scheduled termination, Lucent unilaterally terminated the Plan and provided payouts to participating employees. This dispute centers on whether these payouts satisfied Lucent's obligations, if any, under the Plan.

Plaintiffs allege that, at the end of the Plan, the fair market value of LPSS was to be determined based on real market values and that, at that time, the holders of the phantom stock were to be paid in cash their proportionate share of the increase in value of LPSS during the term of the Plan. (Complt. at ¶¶ 51-52). Plaintiffs further allege that Lucent failed to seek to reach a fair and equitable resolution and that Lucent did not act in good faith as required by the Plan. (Complt. at ¶¶ 54, 57).

Defendants have moved for dismissal pursuant to Rule 12(b)(6) for two reasons. First, they argue that the Plan did not create any contractual obligations on the part of Lucent. Second, they argue that even if contractual obligations did exist under the Plan, Lucent fulfilled its obligations by providing a payout upon termination of the Plan.

## STANDARD OF REVIEW

When evaluating motions for dismissal pursuant to Rule 12(b)(6), the Court views all facts alleged in the complaint, as well as any reasonable inferences from those facts, in the light most favorable to the plaintiff. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996); Dawson v. General Motors Corp., 977 F.2d 369, 372 (7th Cir. 1992). Any ambiguities are likewise resolved in the plaintiff's favor. Dawson, 977 F.2d at 372. A complaint will not be dismissed for failure to

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts warranting relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957).

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. Weiler v. Household Fin. Corp., 101 F.3d 519, 524 n. 1 (7th Cir. 1996). Thus, for a breach of contract claim to survive a motion to dismiss under Rule 12(b)(6), the plaintiff "need only plead the bare essentials of offer, acceptance, consideration, performance by the plaintiff and breach by the defendant causing the loss." Strathmore Co. v. National R.R. Passenger Corp., 1992 WL 280509, at *2 (N.D. Ill. Oct. 5, 1992) (citing Derson Group Ltd. v. Right Management Consultants, Inc., 683 F. Supp. 1224, 1230 (N.D. Ill. 1988)). At the pleading stage, plaintiffs need only allege - rather than prove - the existence of a valid contract. Orix Credit Alliance, Inc. v. Taylor Mach. Works, Inc., 844 F. Supp. 1271, 1273-74 (N.D. Ill. 1994); Holley v. Pansophic Sys., Inc., 1992 WL 137124, at *5 (N.D. Ill. June 12, 1992).

## DISCUSSION

Both parties agree that the general contractual principles under Delaware law govern this case. In order to properly plead a breach of contract under Delaware law, the plaintiff must allege a contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff. Goodrich v. E.F. Hutton Group, Inc., 542 A.2d 1200, 1204 (Del. Ch., Jan. 21, 1988).

### I. Existence of a Contractual Obligation

Pleading that a breach occurred without alleging the actual existence of a contract is insufficient. To establish the existence of a contract, a party must prove both consideration and mutual assent to the terms of the agreement by all parties. Faw, Casson, & Co. v. Cranston, 375

3

A.2d 463, 466 (Del. Ch. 1977). To constitute consideration, a performance or a return promise must be bargained for. A performance or return promise is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise. The performance may consist of an act other than a promise, a forbearance, or the creation, modification, or destruction of a legal relation. Restatement (Second) of Contracts, § 71.

Defendants argue that the Plan was a unilateral statement of policy and does not constitute a contract under Delaware law. They cite a series of cases which hold that, in general, employee handbooks do not create legally enforceable obligations. See e.g., Heideck v. Kent General Hosp., 446 A.2d 1095, 1096-1097 (Del. 1982). However, under Delaware law, a policy contained in an employee manual may become an enforceable obligation if four criteria are satisfied. First, the language must be specific enough to constitute an offer. Second, the offer must be communicated to the employee. Third, the employee must accept the offer. Fourth, there must be consideration for the agreement. Crisco v. Board of Educ., 1988 WL 90821, at *4 (Del.Ch. Aug. 29, 1988). The Court will consider the facts of this case as they apply to all four of these requirements.

### A. Specificity of Language

The complaint alleges that Lucent made an offer to its employees to provide non-salary compensation under the Plan. (Complt. at ¶ 45). Lucent argues that the plaintiffs could not have reasonably believed that the Plan contained a promise or offer to provide certain benefits. Lucent provides several textual provisions of the Plan to support this assertion. Section II(a) states that the Plan does not alter the at-will employment relationship. (Complt., Ex. A, § II(a)). Section VII(b) provides for the possibility that no payouts will be provided under the Plan. (Complt., Ex.

4

A, § VII(b)). Section III of the Plan provides Lucent the sole power and authority to make all determinations and interpretations. (Complt., Ex. A, § III). Section XII of the Plan reserves with Lucent the right to modify or terminate the Plan at any time. (Complt., Ex. A, § XII).

None of the textual provisions cited by the Defendants conclusively demonstrate that the language of the Plan was not specific enough to constitute an offer. The Plan contains definite language, such as the use of the words "must" or "will," to support the allegation in the complaint that Lucent made an offer to its employees to participate in the Plan. Section VII(b) of the Plan states that pay-outs "will be based on the gain in value . . . during the Performance Period[,]" (Complt., Ex. A, § VII(b)), and Section VII states that "a Participant's payout will be computed." (Complt., Ex. A, § VIII). Therefore, we conclude that the complaint has sufficiently alleged that the language of the Plan was specific enough to constitute an offer under Delaware law.

### B.     Communication and Acceptance of Offer

Paragraph 45 of the complaint alleges that Lucent communicated an offer to its employees to provide non-salary compensation under the Plan and that employees were made aware of the Plan. (Complt. at ¶ 45). It also alleges that the plaintiffs accepted Lucent's offer to participate in the Plan. (Id.) Because we are required to accept all allegations in the complaint as true for the purposes of Rule 12(b)(6), the complaint satisfies the communication and acceptance requirements under Delaware law.

### C.     Consideration

The complaint alleges that a performance was bargained for as consideration for the purported contract between the plaintiffs and Lucent. Paragraph 45 asserts that Lucent created

the Plan for the purpose of attracting management and employee participation in LPSS. (Complt. at ¶ 45). The complaint also alleges the existence of a return promise. In exchange for participation in the Plan, the plaintiffs agreed not to compete with Lucent for a period of nine months after termination of their employment and they gave up their participation in all other Lucent short and long-term incentive compensation plans as consideration for the phantom stock provided under the Plan. (Complt. at ¶ 48). The complaint thus satisfies the consideration requirement under Delaware law.

## II. Breach of Contract

Lucent further argues in its motion that, even if a contract existed, no breach occurred. Lucent maintains that the Plan did not guarantee the use of a particular method to calculate payouts and that Lucent provided the employees with benefits determined pursuant to their discretionary authority under Section III and Section XII of the Plan.

The complaint, on the other hand, alleges that Lucent promised to administer the Plan in good faith (Complt. at ¶ 52) and that Lucent was obligated to seek a fair and equitable resolution of any disputes with Plan participants. (Complt. at ¶ 54). The plaintiffs have alleged that Lucent breached these contractual provisions because it failed to act in good faith (Complt. at ¶ 57) and it did not seek a fair and equitable resolution of the plaintiffs' objections following termination of the Plan. (Complt. at. ¶ 55). Because we are required to accept all allegations in the complaint as true for the purposes of Rule 12(b)(6), the complaint satisfies the requirements for pleading breach of contract under Delaware law.

## III. Damages to Plaintiffs

The complaint clearly satisfies the requirements for pleading damages under Delaware contract law. It alleges that the plaintiffs held 66,030 shares of phantom stock (Complt. at ¶ 46), that Lucent's payout offer had no relationship to the increase in value of LPSS during the life of the Plan, and that the payout did not bear any relationship to the amount of phantom stock owned by the plaintiffs. (Complt. at ¶ 55). The complaint further states that the plaintiffs are entitled to additional compensation under the Plan because they were damaged by Lucent's breach of its contractual obligations. (Complt. at ¶ 56).

## CONCLUSION

This complaint, construed in the light most favorable to the plaintiff, alleges a legally cognizable breach of contract claim. The complaint alleges the existence of a contract, that Lucent breached this contract, and that the plaintiffs were harmed by the breach. This satisfies the "bare essentials" standard in Strathmore. The majority of Lucent's arguments in this motion involve determinations of fact that are better resolved following discovery. The motion to dismiss is therefore denied.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: November 14, 2002